UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUDITH A. VISCONTI,

    Plaintiff,

vs.    Case No.  3:08-cv-430-J-33MCR

MICHAEL J. ASTRUE, Commissioner of Social
Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed In Forma Pauperis. On May 2, 2008, the Court took Plaintiff's Motion under advisement because Plaintiff failed to persuade this Court that she was truly indigent. (Doc. 4). The Court, however, granted Plaintiff an opportunity to provide additional information on her financial status no later than **Friday, May 16, 2008**. (Doc. 4). As of this date, Plaintiff has made no such filing.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. The Court's decision to grant in forma pauperis status is discretionary (Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rule 6.02(a) United States District Court for the Middle District of Florida.

those who are truly indigent." Antonelli v. Bureau of Alcohol, Tobacco and Firearms, 1985 WL 1613 at *1 (N.D. Ill. 1985).  Here, Plaintiff's affidavit of indigency reveals that her husband currently receives a monthly income of $2,800.00 from his pension.[2]  (Doc. 3, p. 2).  Plaintiff has documented monthly expenses, which although significant, do not exceed the monthly pension income her husband receives.  (Doc. 2, p. 3).  Moreover, Plaintiff indicates that as of April 23, 2008, she had $5,000.00 in either cash or a checking/savings account (Doc. 2, p.2).  Plaintiff also currently has $113,000.00 equity in her home, and two family cars (a Nissan and a Pathfinder) worth $20,000.00 and $10,000.00 each, with no car payments.  (Doc. 2, p. 2).  Plaintiff has failed to substantiate that she cannot afford to pay the fees associated with her lawsuit.  Therefore, the undersigned recommends the District Judge deny Plaintiff's Motion to Proceed In Forma Pauperis **without prejudice** to Plaintiff filing a paid complaint.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed In Forma Pauperis, be **DENIED** without prejudice to Plaintiff filing a paid complaint.

---

[2] Plaintiff also documented, in her affidavit, that she made a monthly income of $28,000.00 as a customer agent at Sprint – her last employer.  (Doc. 2, p. 2).  The Court, however, noted Plaintiff may have erred in documenting this figure as her monthly salary and speculated that perhaps Plaintiff made a monthly salary of $2,800.00 or a yearly salary of $28,000.00. The Court provided Plaintiff an opportunity to correct this statement if it was in fact made in error. Plaintiff did not do so, as Plaintiff failed to file any additional evidence of her financial status.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of May, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Virginia M Hernandez Covington
   United States District Judge

Counsel of Record